UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD H.,

Plaintiff,

v. 6:25-cv-0433 (GTS/PJE)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| HILLER COMERFORD INJURY & DISABILITY LAW<br>Counsel for Plaintiff<br>6000 North Bailey Avenue, Suite 1a<br>Amherst, NY 14226 | IDA COMERFORD, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>Counsel for Commissioner<br>6401 Security Boulevard<br>Baltimore, MD 21235 | KATHRYN POLLACK, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this social security action filed by Ronald H. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner"), is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. Nos. 22, 23.) For the reasons stated below, Plaintiff's EAJA motion is denied.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

Plaintiff filed the Complaint in this action on April 7, 2025. (Dkt. No. 1.) Following the submission of Plaintiff's motion for judgment on the pleadings, the parties filed a stipulation for remand on January 30, 2026. (Dkt. No. 17.) The Court approved that stipulation on February 5, 2026, and ordered remand to the Commissioner for further administrative proceedings. (Dkt. No. 18.) Judgment was issued on that same date. (Dkt. No. 19.)

### B. Parties' Briefing on Plaintiff's Motion

Generally, in the EAJA motion, Plaintiff's counsel argues the following: (a) although the EAJA motion was not timely filed, the Court should apply equitable tolling to excuse that untimeliness based on the combination of an error by the law firm, the existence of ongoing settlement negotiations, and the "confusion and uncertainty" following the departure of Attorney Justin Goldstein from Hiller Comerford and the subsequent need to file "dozens of notices and letters across multiple jurisdictions" removing him from those cases; (b) it is the prevailing party in this action; (c) Plaintiff meets the statutory asset test; (d) the position taken by the Commissioner in the underlying action was not substantially justified; and (e) the fee amount requested is reasonable. (Dkt. No. 23, Attach. 3.)

In response, the Commissioner stated that he takes no position on whether the standard for equitable tolling has been met.

## II. LEGAL STANDARDS

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in a civil action, including proceedings for judicial review of an agency, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2013). To prevail on a motion for attorney's fees under the EAJA, a plaintiff must demonstrate the following: (1) her motion is timely; (2) she is the prevailing party; (3) she is eligible to receive an award; (4) an itemized statement from any attorney appearing on her behalf that illustrates the rate at which the attorney's proposed fees were computed; and (5) the position of the United States was not substantially justified. *Smith ex rel. D.R. v. Astrue,* 10–CV–0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (citing 28 U.S.C. § 2412[d][1][B]).

Substantial justification operates under a burden-shifting framework. The plaintiff must allege that the defendant's underlying position was not substantially justified.[1] *See Mills v. Colvin,* 11–CV–0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (citing 28 U.S.C. § 2412[d][1][B]). Once the plaintiff has done so, the burden shifts to the defendant to establish that its position was substantially justified. *See Commodity Futures Trading Comm'n v. Dunn,* 169 F.3d 785, 786 (2d Cir.1999). In order to determine whether the defendant was "'substantially justified,' courts are to apply a standard of reasonableness." *Green v. Bowen,* 877 F.2d 204, 207 (2d Cir.1989) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 [1988]). Even though the substantial justification standard "should not be read to raise a presumption that the [d]efendant's position was not justified, simply because it lost the case," *Cohen v. Bowen,* 837 F.2d 582, 585 (2d Cir.1988) (internal quotation marks and citations omitted), the defendant has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden. *Envtl. Def. Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983). The defendant must show that its action was justified in law and fact. *See Rosado v. Bowen,* 823 F.2d 40, 42 (2d Cir.1987) (internal quotation marks and citations omitted). The substantially justified standard "is a middle ground between the automatic awarding of fees

to a prevailing party, and the allowance of a fee award only where the [d]efendant[‘s] [action was] arbitrary and frivolous." *Mills,* 2013 WL 1499606, at *1 (quoting *Cohen,* 837 F.2d at 585 n. 4).

The EAJA provides for the allowance of "reasonable attorney's fees." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." *Healy v. Leavitt,* 485 F.3d 63, 69 (2d Cir.2007) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 [1983]). The plaintiff has the burden of establishing to the court's satisfaction the reasonableness of the hours expended and rates charged. *See Hensley,* 461 U.S. at 433. With respect to the hours expended, "[d]istrict courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases." *Mills,* 2013 WL 1499606, at *3 (quoting *Coughlin v. Astrue,* 06–CV–0497, 2009 WL 3165744, at *2 [N.D.N.Y. Sept. 28, 2009]). With respect to the rates charged, Section 2412(d)(2)(A) dictates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee." 28 U.S.C. § 2412(d)(2)(A).

## III. DISCUSSION

After careful consideration, the Court answers the question of whether Plaintiff's motion for EAJA fees should be granted in the negative.

Pursuant to the EAJA, "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in this action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an

award under this subsection, and the amount sought." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). In this case, Plaintiff's counsel admits that the EAJA motion was untimely filed,[1] but argues that extraordinary circumstances warrant the application of equitable tolling.

"A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (quoting *Mottahedah v. United States*, 794 F.3d 347, 352 [2d Cir. 2015]). "'Generally speaking, the Court of Appeals for the Second Circuit sets a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling,'" even for short delays. *Tami P. v. Comm'r of Soc. Sec.*, 21-CV-6313, 2024 WL 1363679, at *2 (W.D.N.Y. Apr. 1, 2024) (quoting *Robert Lee C. v. Saul*, 20-CV-6621, 2022 WL 6769001, at *2 [W.D.N.Y. Oct. 11, 2022]). Circumstances such as "press of business," "procedural oversight," "ordinary attorney neglect," "computer issues," and "ongoing settlement negotiations" have all been deemed to not meet this demanding standard. *See Tami P.,* 2024 WL 1363679, at *2 (citing *Robert Lee C.*, 2024 WL 1363679, at *2; *Charles v. Colvin*, 13-CV-3432, 2015 WL 403239, at *1 [E.D.N.Y. Jan. 29, 2015]; *Hooper v. Berryhill*, 15-CV-6646, 2017 WL 927843, at *4 [S.D.N.Y. Mar. 8, 2017]). "The Supreme Court has held that 'a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" *Bachand*, 778 F. App'x at 75 (quoting *Holland v. Florida*, 560 U.S. 631, 651-52 [2010]).

---

[1] The deadline for filing the EAJA motion was May 6, 2026, which is 30 days after the Judgment became no longer appealable. Plaintiff's counsel did not file the EAJA motion until May 18, 2026.

Plaintiff's counsel's own affidavit indicates that correspondence with the Office of General Counsel ("OGC") resulted in an OGC attorney notifying her on May 4, 2026, that the Commissioner would not be able to engage in negotiations regarding attorney's fees in this case unless either Attorney Goldstein consented or was removed from the docket, as he was at that time the counsel of record for Plaintiff. (Dkt. No. 23, Attach. 1, at ¶ 12.) She then states that, following that conversation, Hiller Comerford "has begun filing letter and notices seeking to remove Mr. Goldstein as counsel where he remains entered on behalf of a Hiller Comerford client," which she estimates to be "over one hundred cases, spread across at least five jurisdictions, all with different rules governing removal of counsel from the docket." (Dkt. No. 23, Attach. 1, at ¶ 13.)

However, regardless of how many cases from which Attorney Goldstein needed to be removed, the one that matters here is *this* case. There is no indication that Attorney Goldstein needed to be removed from the docket in *all* of Hiller Comerford's cases in order for negotiations to proceed as to *this* case. Plaintiff's counsel was clearly cognizant of having a time limit for filing a motion pursuant to the EAJA, given that she attempted to engage in settlement negotiations with OGC as early as April 30, 2026. (Dkt. No. 23, Attach. 1, at ¶ 11.) There is no explanation as to why, despite being informed on May 4, 2026, that the situation with Attorney Goldstein needed to be addressed before OGC could negotiate on the matter of attorney's fees, Plaintiff's counsel seemingly made no attempt to have Attorney Goldstein removed from this case until May 8, 2026, *after* it realized the EAJA motion deadline had already passed. (Dkt. No. 21.) This delay is especially baffling given that Plaintiff's counsel acknowledges in the letter filed to the Court seeking to remove Attorney Goldstein that, in a situation where the same law firm continues to represent the party, the Local Rules require only that the new attorney from the

same law firm enter an appearance, and that "[w]here two attorneys from the same law firm represent a party, and one attorney leaves the firm, only a letter is required to be filed on the docket indicating that the attorney has left the firm and should be removed from the docket," a process that would not reasonably take four days.[2] (*Id.*) Moreover, although Plaintiff's counsel relies on Hiller Comerford's actions of filing similar letters or notices in other cases during that relevant week as a reason for missing the deadline, there is no indication as to how many of the other cases wherein Attorney Goldstein needed to be removed had pending deadlines that necessitated Attorney Goldstein's prompt removal such that priority could not have been given to attending to the deadline in this case (of which Plaintiff's counsel should have had a reasonable awareness was approaching soon based on the information presented).

The fact of filing notices to remove Attorney Goldstein from many other cases around the same time does not in any way excuse what is, at its core, a simple negligent failure to calendar or monitor a deadline. The fact that a law firm might experience an influx of work does not relieve it of its obligation to keep apprised of and comply with deadlines. No matter how Plaintiff's counsel attempts to frame the circumstances, she admits that the basis for failing to file a timely motion was that "the EAJA deadline was not properly calendared and flagged according to Hiller Comerford's internal procedures." (Dkt. No. 23, Attach. 1, at ¶ 14.) Given that the Court's Judgment was entered on February 5, 2026 (which means that the Order became no longer appealable as of April 6, 2026), the Court finds it difficult to understand why the

---

[2] There is also no explanation as to why Plaintiff's counsel did not file its EAJA motion until May 18, 2026, when Attorney Comerford states in her declaration that the error in missing the deadline was discovered on May 7, 2026, other than waiting to hear whether the Commissioner consented to the filing of an untimely motion. (Dkt. No. 23, Attach. 1, at ¶ 15.) However, waiting ten days in the hope of receiving the Commissioner's consent is not representative of diligence, especially given that it is this Court, not the Commissioner, that has the responsibility of determining whether equitable tolling is warranted.

motion deadline would not have been calendared around that time, which notably was approximately a month prior to when Plaintiff's counsel learned of the need to remove Attorney Goldstein from the cases of his former clients that remained with Hiller Comerford. Moreover, as discussed above, this is not a situation in which Plaintiff's counsel had no awareness of the need to address this matter; her own declaration and exhibits to the motion document that individuals at Hiller Comerford were in fact aware that the time period to file an EAJA motion was running, but, in the end, they simply missed the deadline. The fact that they either did not calendar that deadline (or did not correctly calendar it) or their system failed to flag it at the relevant time does not constitute extraordinary circumstances, and, as was discussed above, there is some indication that Plaintiff's counsel did not act with reasonable diligence in other respects related to filing the motion.

For the above reasons, the Court finds that the EAJA motion is untimely and equitable tolling is not warranted in this case. Plaintiff's motion is therefore denied.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees pursuant to the EAJA (Dkt. Nos. 22, 23) is **DENIED**.

Dated: October 8, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge